Yang v. Holder

BIA
A099 532 376

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JIAN XIN YANG,
> *Petitioner,*

v.                                          12-5067
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Eric Y. Zheng, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Derek C. Julius,
                       Senior Litigation Counsel; Theo
                       Nickerson, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Xin Yang, a native and citizen of the People's Republic of China, seeks review of the November 30, 2012, order of the BIA denying his motion to reopen. *In re Jian Xin Yang*, No. A099 532 376 (B.I.A. Nov. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, remaining mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There are at least three independent grounds upon which the BIA may deny a motion to reopen: (1) failure to establish a *prima facie* case for the relief sought; (2) failure to provide previously unavailable, material evidence; and (3) a determination that, even if the first two requirements were met, the alien would not be entitled to the relief as a matter of discretion. *See Doherty*, 502 U.S. at 323.

Furthermore, "[i]f the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received [] notice . . . the alien shall be permanently ineligible for any benefits under [the Immigration and Nationality Act], effective as of the date of a final determination on such application." 8 U.S.C. § 1158(d)(6); *see Biao Yang v. Gonzales*, 496 F.3d 268, 275 (2d Cir. 2007) ("an [IJ's] specific finding that [an applicant] deliberately fabricated a material element of his asylum claim constitutes a finding that he knowingly filed a frivolous asylum application").

In this case, Yang received both written and oral notice of the consequences of filing a frivolous application for asylum, and was provided an opportunity to discuss the issue with his attorney. In her decision, the IJ stated that her frivolous finding was based on Yang's "deliberate" act of including material false statements in his asylum application. *See Biao Yang*, 496 F.3d at 276-77. The BIA affirmed the IJ's frivolous finding in 2009 and Yang did not petition this Court for review of that decision; thus the frivolous filing finding became final. Accordingly, Yang is permanently ineligible for asylum, and therefore unable to

3

demonstrate his *prima facie* eligibility for such relief, as is necessary to reopen proceedings.  *See* 8 U.S.C. § 1158(d)(6); *Biao Yang*, 496 F.3d at 274.

Importantly, while the frivolous finding does not bar Yang from establishing his eligibility for withholding of removal or CAT relief, *see Biao Yang*, 496 F.3d at 274 n.2, asylum is the only relief Yang sought in his motion to reopen.  Yang does not argue, either in his motion to reopen or to this Court, that he meets the "more likely than not" standard for either withholding of removal or CAT relief, and asserts only that he has made out a *prima facie* case because there is a "realistic chance he could demonstrate at least a ten percent chance of persecution."   In addition, Yang's contention that the BIA cited the frivolous finding only to deny reopening under its *sua sponte* authority is without merit, as the language of the statute clearly states that an alien "shall be permanently ineligible for any [asylum] benefits."  8 U.S.C. § 1158(d)(6).  Thus, because the agency may deny reopening if the applicant fails to demonstrate *prima facie* eligibility for the relief sought, and in this case Yang is ineligible for such relief, the BIA did not abuse its discretion in denying his motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```